IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Andrew Cook, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> Drury Hotels Company LLC, <br><br> Defendant. | Civil Action No. 6:18-cv-2748-TMC <br><br> **ORDER** |

Plaintiff Andrew Cook, Jr. ("Plaintiff"), proceeding *pro se*,[1] brought this action alleging that his former employer, Drury Hotels Company LLC ("Defendant"), discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634. (ECF No. 1-1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). On August 16, 2019, Defendant filed a motion for summary judgment. (ECF No. 36). Plaintiff filed his response in opposition to Defendant's motion on September 25, 2019. (ECF No. 43). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendant's motion for summary judgment. (ECF No. 50). Plaintiff filed objections to the Report,[2] (ECF No. 52), and Defendant timely filed a response to Plaintiff's objections, (ECF No. 55). This matter is now ripe for review.

---

[1] Plaintiff originally filed his Complaint through counsel. *See* (ECF No. 1-1). However, before discovery ended, Plaintiff's attorney filed a motion to withdraw as counsel, (ECF No. 23), which the court granted on May 23, 2019, (ECF No. 26). Plaintiff has since proceeded *pro se*.

[2] Although Plaintiff states he is "filing for an appeal" of the magistrate judge's Report, the court interprets this filing as Plaintiff's objections to the Report, especially in light of the fact that it was filed on the day on which Plaintiff's objections were due.

1

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See* (ECF No. 50). The recommendations set forth in the Report, however, have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although Plaintiff filed objections to the Report, none of his objections specifically challenge any of the findings or conclusions in the Report. *See* (ECF No. 52). The objections are non-specific, unrelated to the dispositive portions of the Report or even the case itself, or merely

2

restate Plaintiff's claims. *See id*. Most of Plaintiff's objections repeat allegations raised in his Response in Opposition to Defendant's Motion for Summary Judgment, (ECF No. 43), which the magistrate judge correctly noted are "wholly unrelated and do not involve any of the individuals involved in the decisions at issue in this case," including "incidents involving other employees . . . none of [which] in any way relate to the plaintiff's claims against the defendant." (ECF No. 50 at 11 n.6). Accordingly, Plaintiff's objections are without merit.

Nevertheless, liberally construing the objections, the court is able to glean that Plaintiff objects to the magistrate judge's findings that Defendant is entitled to summary judgment on his claims for violation of the ADEA and Title VII. *See* (ECF No. 52). Plaintiff merely restates conclusory allegations from his complaint and summary judgment briefing which contradict the undisputed evidence in the record, including Plaintiff's own testimony. *See id*.; (ECF No. 50 at 10–11). Moreover, as noted by the magistrate judge, Plaintiff has failed to present any direct evidence of discrimination nor has he produced evidence to establish even a prima facie case for discrimination. (ECF No. 50 at 11–19). Therefore, Plaintiff's objections have no merit.

Thus, having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition. The court adopts the magistrate judge's Report, (ECF No. 50), and incorporates it herein. Accordingly, Defendant's Motion for Summary Judgment (ECF No. 36) is **GRANTED**.

**IT IS SO ORDERED.**

                                                              s/Timothy M. Cain
                                                              United States District Judge

January 28, 2020
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.